UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sarah Vogerl,

    Plaintiff,

v.                                       Case No. 1:09cv713

Robert Craig Elliott, II,            Judge Michael R. Barrett

    Defendant.                Magistrate Judge Karen Litkovitz

**ORDER**

       This matter is before the Court on the September 9, 2010 Magistrate Judge's Report and Recommendation. (Doc. 26). The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Defendant filed timely objections (Doc. 27), and Plaintiff filed a reply (Doc. 28). For the reasons set forth below, the Court agrees with the Magistrate Judge and adopts the Report and Recommendation in its entirety.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

       On September 29, 2009, Plaintiff filed this action against Defendant pursuant to 42 U.S.C. § 1983 and related state law alleging that Defendant, a campus security officer, mistreated her while she was a student at Cincinnati State Technical and Community College. Defendant was initially represented by counsel, but counsel withdrew shortly thereafter. Since then, Defendant has not appeared in the case or otherwise

1

acknowledged any efforts by the Court or Plaintiff's counsel to contact him.

Through the date of Plaintiff's motion, Defendant has refused to return repeated telephone calls or emails or to respond to written correspondence mailed to him by Plaintiff's counsel. Defendant also failed to respond to Plaintiff's motion to compel, and he subsequently failed to respond to the Magistrate Judge's "show cause" order. On June 10, 2010, the Magistrate Judge granted Plaintiff's motion to compel and directed Defendant to respond to Plaintiff's discovery request. The order contained a warning to Defendant of the possibility of a default judgment. Although the record reflects certified mail delivery and acceptance of the order by Defendant's wife, Defendant failed to respond to the order.

On June 15, 2010, the Magistrate Judge directed Defendant through a court order to pay a monetary sanction to Plaintiff for failing to participate in discovery. The order again contained a warning to Defendant of the possibility of a default judgment. Defendant presumably refused certified mail delivery of that order, as it was returned as unclaimed.

In another attempt to contact Defendant, Plaintiff's counsel issued and served on Defendant a notice of deposition via regular mail. Although the record shows that Defendant presumably received the notice, Defendant did not respond to Plaintiff's counsel and did not appear for his scheduled deposition.

On August 6, 2010, Plaintiff filed a motion for default judgment as a sanction under Fed. R. Civ. P. 37(d) based upon Defendant's persistent failure to comply with the prior orders of the Court. (Doc. 24). Defendant did not respond to that motion.

II. **ANALYSIS**

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination .

. . of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id*. *See also* 28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991).

The Magistrate Judge found that an entry of default judgment as a sanction under Rule 37 is appropriate in this case given Defendant's repeated failure to participate despite the efforts by the Court and Plaintiff's counsel. The Magistrate Judge correctly stated that entry of default judgment is the most severe sanction available and should only be considered when (1) the disobedient party acted in wilful bad faith; (2) the opposing party suffered prejudice; (3) the court warned the disobedient party that the failure to cooperate could result in a default judgment; and (4) less drastic sanctions have been attempted. *See Grange Mutual Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir. 2008). The Magistrate Judge found that all four factors favored the imposition of a default judgment against Defendant. The Magistrate Judge further recommended that an evidentiary hearing be scheduled to determine damages and that Plaintiff be awarded the additional monetary sanction of $500.00 under Rule 37(b).

Defendant objected to an order of default judgment against him. In his objections, Defendant stated that he has been unemployed and unable to obtain legal representation. Defendant also indicated that he would like to proceed *pro se* until he is able to obtain legal representation. Defendant's objections do not dispute the merits of the Magistrate Judge's

3

Report and Recommendation. There also is no indication that Defendant was unable to represent himself or unable to respond to the Court prior to the Magistrate Judge's Report and Recommendation. Therefore, this Court agrees with the Magistrate Judge's finding that an entry of default judgment under Rule 37 is appropriate in this case.

### III. CONCLUSION

Having reviewed the matter *de novo*, the Court finds the Magistrate Judge's Report and Recommendation to be correct. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. (Doc. 26). It is hereby **ORDERED** that:

1. Plaintiff's motion for entry of default judgment (Doc. 24) pursuant to Rule 37 is **GRANTED**, and that the Court enter a default judgment against the sole defendant in this case, Robert Craig Elliott II;
2. That the Magistrate Judge schedule a hearing to determine damages;
3. That a copy of this Order be served by both regular mail and by certified mail upon Defendant at the address listed of record;
4. That Plaintiff be awarded the additional sum of $500.00 as a monetary sanction against Defendant, which sum shall be paid to Plaintiff's counsel on or before **October 5, 2010**.

**IT IS SO ORDERED.**

          */s/ Michael R. Barrett*
          Michael R. Barrett, Judge
          United States District Court