**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| SARAH VOGERL, <br> Plaintiff | Case No. 1:09-cv-713 <br> Barrett, J. <br> Litkovitz, M.J. |
| vs | |
| ROBERT CRAIG ELLIOTT, II, <br> Defendant | **REPORT AND** <br> **RECOMMENDATION** |

This matter is before the Court pursuant to the Court's January 6, 2012 Order to Show Cause (Doc. 47), plaintiff and defendant's memoranda in response (Docs. 49, 52), and plaintiff's reply memorandum. (Doc. 53).

## I. Background

On September 29, 2009, plaintiff filed suit against defendant pursuant to 42 U.S.C. § 1983 and related state law based upon allegations that defendant engaged in unlawful conduct during a traffic stop while plaintiff was a student and defendant was a campus security officer at Cincinnati State Technical and Community College ("Cincinnati State"). (Doc. 1). On November 10, 2010, the Court entered default judgment against defendant. (Doc. 31). After being advised that plaintiff had also filed suit against defendant and Cincinnati State in the Ohio Court of Claims, this Court ordered plaintiff to show cause why this lawsuit should proceed despite the filing of the Ohio Court of Claims action in light of the Sixth Circuit's decision in *Savage v. Gee,* which held that filing a lawsuit in the Court of Claims waives any federal cause of action arising out of the same act or omission. (Doc. 47). *See Savage v. Gee,* 665 F.3d 732, 738 (6th Cir. 2012) (citing *Leaman v. Ohio Dept. of Mental Retardation & Development Disabilities,* 825 F.2d 946 (6th Cir. 1987) (en banc)).

In response to the Show Cause Order, plaintiff submitted a memorandum to which she attached the Declaration of R. Scott Hughes, her attorney, and a copy of the complaint filed in the Court of Claims. (Doc. 49, 49-1, 49-2). Plaintiff asserts that her two lawsuits do not arise out of the same act or omission because the claims brought in the Ohio Court of Claims relate to Cincinnati State's alleged negligence in the hiring, training, and retention of defendant Elliott, whereas this lawsuit is based on defendant Elliott's actions during the traffic stop. (Doc. 49 at pp. 8-9). Plaintiff alleges that the operative acts and omissions that support each complaint are "wholly distinct in their nature, substance, and timing." (Doc. 49 at p. 9). Plaintiff further contends that although an individual typically waives any federal claims against a state employee by filing a complaint based on the same acts or omissions in the Ohio Court of Claims, the waiver is not applicable if the Court of Claims determines that the employee's conduct was intentional. Plaintiff alleges that she named defendant Elliott in the Court of Claims action for the purpose of determining whether the exception applied as to him, and her counsel was instructed by the Court of Claims at a status conference held after all initial pleadings had been filed in that case to proceed with her federal court action. (Doc. 49 at pp. 4, 10-11; Doc. 49-1, Declaration of R. Scott Hughes, ¶¶ 6-7).

In his response to the Show Cause Order, defendant Elliott cites a lack of financial means as the reason for his failure to respond to the Court's Orders prior to entry of the default judgment, and he requests dismissal of this action against him. (Doc. 52 at pp. 2-3).

In her reply memorandum, plaintiff contends that the holding in *Savage* does not apply here because the acts and omissions complained of are wholly separate and distinct; plaintiff has

sufficiently demonstrated that the claims against defendant Elliott are based on allegations of intentional, willful, malicious and reckless conduct, so that the statutory waiver does not apply; and defendant Elliott has failed to offer any valid reason for why the waiver should apply. (Doc. 53).

## II. Standard of review

Ohio Rev. Code § 2743.02(A)(1) provides in part that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee. . . ." The waiver applies to federal causes of actions as well as causes of action based on state law. *Savage,* 665 F.3d at 738 ("federal damages claims against state officials are barred where claims based on the same act or omission were previously raised in the Court of Claims. . . .").

Ohio Rev. Code § 2743.02(A)(1) provides an exception to this waiver rule when an employee's actions were "manifestly outside the scope of [their] office or employment or [they] acted with malicious purpose, in bad faith, or in a wanton or reckless manner." *Turker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 458 (6th Cir. 1998) (citing Ohio Rev. Code § 2743.02(A)(1)). The determination as to whether the employee's actions were "*ultra vires* or malicious is to be made exclusively by the Ohio Court of Claims." *Id.* (citing Ohio Rev. Code § 2743.02(F); *Thomson v. Harmony*, 65 F.3d 1314, 1318 n.5 (6th Cir. 1995); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989)). If the Ohio Court of Claims determines the employee's actions fit the exception, the waiver of all claims which generally results from the filing in the Court of Claims is void. Ohio Rev. Code § 2743.02(A)(1).

### III. The complaint should be dismissed without prejudice.

While plaintiff has attempted to distinguish her two lawsuits as having distinct factual backgrounds, the Court finds that this lawsuit and the action filed in the Ohio Court of Claims both arise out of the same incident - the June 9, 2008 traffic stop - and Elliott's conduct in connection with the stop. Plaintiff correctly notes that the complaint filed in the Ohio Court of Claims is not limited to the traffic stop and also alleges that Cincinnati State was negligent in hiring, training, and retaining defendant Elliott as a public safety officer prior to the traffic stop and that Elliott committed inappropriate conduct prior to the incident. (Doc. 49-2, ¶¶ 13-20). However, the Court of Claims complaint sets forth the same factual allegations as to plaintiff's encounter with Elliott on June 9, 2008, that form the factual basis for plaintiff's federal complaint. (*Id.*, ¶¶ 21-48; Doc. 1, ¶¶ 7-34). These factual allegations show that but for defendant Elliott's misconduct during the traffic stop, plaintiff would have no basis for claiming that Cincinnati State breached a duty and proximately caused injury to her, and therefore no basis for bringing a negligence suit against Cincinnati State. Both lawsuits therefore arise out of the same act or omission, and plaintiff has waived her damages claims against Elliott filed in this Court absent an exception to the waiver.[1] *See Savage*, 665 F.3d at 738. *See also Fischer v. Kent State University*, No. 10-3879, 2012 WL 265951, at *2 (6th Cir. Jan. 31, 2012) (affirming district

---

[1] In addition to seeking damages against defendant Elliott in this action, plaintiff requested that Elliott be enjoined from further unlawful conduct as described in the complaint. (Doc. 1 at p. 10). The Sixth Circuit has held that filing a civil action in the Court of Claims results in a waiver of only damages claims and does not preclude a claimant from pursuing equitable remedies against a state employee in federal court. *See Turker*, 157 F.3d at 460; *Thomson*, 65 F.3d at 1320. *See also Savage*, 665 F.3d at 738 ("we have repeatedly held that federal *damages* claims against state officials are barred where claims based on the same act or omission were previously raised in the Court of Claims") (emphasis added). However, plaintiff's request for equitable relief is moot as Elliott is no longer employed by Cincinnati State. (Doc. 49-2, ¶ 12; Doc. 52, at p. 2). Accordingly, plaintiff cannot proceed with her claim for equitable relief in this Court despite the inapplicability of the waiver as to such claim.

court's grant of defendants' summary judgment motion where plaintiff filed claim addressing similar acts or omissions in the Ohio Court of Claims).

As indicated above, Ohio Rev. Code § 2743.02(A)(1) does provide an exception to the waiver of claims provision if it is determined that the act or omission was "manifestly outside the scope of the officer or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." This determination must be made in the first instance by the Court of Claims, which has "exclusive original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity." Ohio Rev. Code § 2743.02(F). In this instance, the Ohio Court of Claims has not made the required determination. Plaintiff alleges that she named defendant Elliott in the Court of Claims action for the specific purpose of following Ohio Rev. Code § 2743.02(F). (Doc. 49, at p. 11). Plaintiff's counsel states in his declaration that after advising the Court of Claims at a status conference that plaintiff intended to pursue a federal action against Elliott, the Court of Claims, without conducting an immunity hearing, advised counsel to proceed with filing a federal complaint against Elliott. (Declaration of R. Scott Hughes, Doc. 49-1, ¶¶ 6, 7). However, there is no allegation that the Court of Claims made the required finding for a waiver under § 2743.02(F) when instructing counsel to file a complaint against Elliott in federal court. Therefore, until the Ohio Court of Claims makes a determination that defendant Elliott's conduct was manifestly outside the scope of his employment or that Elliott acted with a malicious purpose, in bad faith, or in a wanton or reckless manner, this Court is barred from hearing plaintiff's damages claims. *See Turker*, 157 F.3d at 458 (citing Ohio Rev. Code § 2743.02(F)). *See also Fischer*, 2012 WL 265951, at *2. If the Court of Claims makes such a finding, then this

5

Court must reinstate plaintiff's damages claims as though no waiver had occurred. *See Fischer*, 2012 WL 265951, at *2 (citing *Turker*, 157 F.3d at 458).

**IT IS THEREFORE RECOMMENDED THAT**:

This case be **DISMISSED** without prejudice to reinstatement on the docket of the Court upon a determination by the Ohio Court of Claims that defendant Elliott's conduct was manifestly outside the scope of his employment or that defendant Elliott acted with a malicious purpose, in bad faith, or in a wanton or reckless manner.

Date: 4/6/2012

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SARAH VOGERL,
    Plaintiff

Case no. 1:09-cv-713
Barrett, J.
Litkovitz, M.J.

vs.

ROBERT CRAIG ELLIOT, II,
    Defendant

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by ( Printed Name )  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Robert Craig Elliott, II<br>8340 South Port Drive<br>West Chester, OH 45069 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9036 |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540